PROB 12C
(6/16)

Report Date: July 22, 2025

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 23, 2025

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Nicholas Shane Washington         Case Number: 0980 2:24CR00105-TOR-1

Address of Offender: ▮▮▮▮▮▮▮▮▮▮ Nespelem, Washington 99155

Name of Sentencing Judicial Officer:  The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: February 26, 2025

| | |
|---|---|
| Original Offense: | Attempting to Elude a Pursuing Police Vehicle in Indian Country, 18 U.S.C. §§ 13, 1152 |
| Original Sentence: | Prison - 9 months<br>TSR - 36 months |
| | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Michael James Austen Ellis |
| | Date Supervision Commenced: April 23, 2025 |
| Defense Attorney: | Nathan Poston |
| | Date Supervision Expires: April 22, 2028 |

## PETITIONING THE COURT

To issue a **warrant**

On April 24, 2025, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Washington, as outlined in the judgement and sentence. He signed a copy acknowledging the requirements.

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number | Nature of Noncompliance
---|---
1 | **Standard Condition #2**: After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.
  | **Supporting Evidence**: Mr. Washington allegedly violated the above-stated condition on July 17, 2025, by failing to report to the undersigned officer as directed.
  | On July 10, 2025, the undersigned officer met with Mr. Washington in the Spokane probation office. During this contact, Mr. Washington was instructed to contact the undersigned by telephone on July 16, or 17, 2025, for a check-in. Mr. Washington failed to report by phone as directed.
2 | **Standard Condition #13**: You must follow the instructions of the probation officer related to the conditions of supervision.
  | **Supporting Evidence**: Mr. Washington allegedly violated the above-stated condition on or about July 21, 2025, by failing to establish a voice mailbox as instructed by the undersigned officer.

Prob12C
**Re: Washington, Nicholas Shane**
**July 22, 2025**
**Page 2**

On July 10, 2025, the undersigned officer met with Mr. Washington. During this contact Mr. Washington was instructed to establish a voice mailbox for his phone number so that messages may be reliably left for him.

On July 21, 2025, the undersigned attempted to contact Mr. Washington by telephone. However, the call went directly to an automated message advising that there was not a voice mailbox established for his telephone number.

3    **Standard Condition #6**: You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

**Standard Condition #5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 calendar days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: Mr. Washington allegedly violated the above-stated conditions on July 7, 2025, by failing to allow the undersigned officer to visit him at his residence for the purpose of inspection and approval.

On July 7, 2025, the undersigned attempted to contact Mr. Washington at his reported residence approximately 1 hour after his reported work shift. While a television could be heard loudly from inside the residence, there was no answer at the door. The undersigned left a business card on the door indicating the attempted contact. This officer attempted again to contact Mr. Washington later by telephone and text message without success.

On July 10, 2025, during an in-person contact in the probation office, Mr. Washington advised that he is often away from home due to work or camping, as he was on July 7, 2025. He further reported that these activities take him into remote areas of the reservation where he is unreachable.

On July 21, 2025, Mr. Washington's former employer reported that he was believed to be residing at a campsite in Keller, Washington.

Based on the above information, Mr. Washington's true residence cannot be confirmed and the undersigned has been unable to inspect his reported residence for approval.

4    **Standard Condition #7**: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: Mr. Washington allegedly violated the above-stated condition on July 4, 2025, by failing to report being fired from his employment to the undersigned officer.

Prob12C
Re: Washington, Nicholas Shane
July 22, 2025
Page 3

On July 21, 2025, the undersigned officer contacted Mr. Washington's reported employer to verify his employment. The employer, Innes Wood Products, reported he had been fired on July 4, 2025, after showing up at the owner's residence and exhibiting signs of intoxication.

5 **Standard Condition #4**: You must be truthful when responding to the questions asked by your probation officer.

**Supporting Evidence**: Mr. Washington allegedly violated the above-stated condition on July 10, 2025, by knowingly providing false information regarding his employment status.

On July 10, 2025, the undersigned met with Mr. Washington in the Spokane probation office. During this contact, Mr. Washington reported current employment and provided a letter of employment verification from Innes Wood Products. The letter was dated June 26, 2025, and detailed Mr. Washington's employment with the company. The letter contained a phone number for follow-up contact.

On July 21, 2025, the undersigned contacted Innes Wood Products at the number listed on the verification letter. The individual who answered advised that Mr. Washington's employment with them had been terminated abruptly following an incident on July 4, 2025, where Mr. Washington reportedly showed up to the employer's residence in a state of intoxication. As such, Mr. Washington had been unemployed for approximately 6 days when he reported to this officer that he was fully employed by the above-stated company.

6 **Special Condition #3**: You must undergo substance abuse evaluations and, if indicated by a licensed/certified treatment provider, enter into and successfully complete approved substance abuse treatment programs, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: Mr. Washington allegedly violated the above-stated condition on or about July 10, 2025, by failing to undergo a substance abuse evaluation.

On May 21, 2025, Mr. Washington reported, via a text message, that he had scheduled an evaluation for June 3, 2025. On June 24, 2025, he reported, again by text message, that he had completed his substance abuse evaluation.

On July 10, 2025, Mr. Washington provided the undersigned with a copy of an assessment report from Colville Tribal Behavioral Health. The report was more than 1 year old. When asked about the time frame of the report, Mr. Washington reported that the evaluating provider advised him the report was still good and could be used as current.

On July 14, 2025, the undersigned officer contacted Colville Tribal Behavioral Health to confirm the report. Staff advised that assessments are good for 1 year and that Mr. Washington would need to have a new assessment done. Based on this information, it is clear that Mr. Washington was again untruthful and did not attend the required substance abuse evaluation as he reported.

7 **Special Condition #5**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and

Prob12C
Re: Washington, Nicholas Shane
July 22, 2025
Page 4

        Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

        **Supporting Evidence**: Mr. Washington allegedly violated the above-stated condition on or about July 10, 2025, by consuming alcohol as evidenced by a lab-confirmed positive urinalysis drug test.

        On July 10, 2025, Mr. Washington submitted to urinalysis testing conducted and observed by the undersigned officer. The sample resulted in a presumptive positive for alcohol. Additionally, the sample was clear in appearance and resulted in a presumptive dilute and/or abnormal sample. Mr. Washington denied any such use and signed a drug use denial form. He also denied any attempted to flush his system or dilute the sample. The sample was sealed and packed in Mr. Washington's presence and he signed the chain of custody form. The sample was sent to the national testing lab (NTL) for confirmation testing.

        On July 16, 2025, the NTL returned results confirming the positive results for alcohol and confirming that the sample was dilute.

The U.S. Probation Office respectfully recommends the Court issue a **warrant** requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    07/22/2025

s/Nicolas Olson

Nicolas Olson
U.S. Probation Officer

THE COURT ORDERS

[ ]    No Action
[X]   The Issuance of a Warrant
[ ]    The Issuance of a Summons
[ ]    The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]    Defendant to appear before the Judge assigned to the case.
[X]   Defendant to appear before the Magistrate Judge.
[ ]    Other

Thomas O. Rice

Signature of Judicial Officer

July 23, 2025

Date